# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Civil Action Number:

ANDRES GOMEZ, On His Own Behalf, and On
Behalf of All Other Individuals Similarly Situated

      Plaintiffs,

vs.

MATTRESS FIRM, INC.
d/b/a MATTRESS FIRM

      Defendant

## COMPLAINT – CLASS ACTION

Plaintiff Andres Gomez, on his own behalf and on behalf of all Other Individuals Similarly Situated, hereby sue Defendant Mattress Firm, Inc. for civil rights violations and for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. Part 36, and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760, and allege as follows:

### INTRODUCTION

1. This is an action to put an end to civil rights violations committed by Defendant Mattress Firm, Inc. (also referenced herein as "Defendant") against individuals with disabilities who are visually impaired and who cannot access and comprehend the internet and the websites that operate therein.

2. Defendant Mattress Firm, Inc. offers an internet website www.mattressfirm.com (hereinafter, "website") to the general public. As such it has

1

subjected itself to the Americans With Disabilities Act ("ADA").  The Defendant's website is offered as a tool to order bedding from its stores which are places of public accommodation and therefore the website must interface with the Defendant's bedding stores and in so doing must comply with the ADA, which means they must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.

3. The Defendant maintains a website for its chain of bedding stores.

4. The Defendant's website does not provide screen reader software or other means to accommodate the visually impaired, nor does it interface with screen reader software in order that visually impaired individuals can comprehend the website.

## JURISDICTION & VENUE

5. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201.

6. This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services to order bedding online.

7. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendants reside in this District, the Defendants transact business in this District, and the acts constituting the violation of the ADA occurred in this District.

8. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

9. The remedies provided by F.S.§760 are not exclusive. State administrative remedies need not be exhausted in connection with suits brought under the ADA.

## PARTIES

**Andres Gomez**

10. Plaintiff Andres Gomez ("Plaintiff Gomez") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

11. Plaintiff Gomez suffers from what constitutes a "qualified disability" under the ADA. Plaintiff Gomez is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

12. Plaintiff Gomez is a customer of bedding stores such as Defendant's Mattress Firm.

13. Plaintiff Gomez frequently utilizes the internet. In order to comprehend information available on the internet and access/comprehend websites, Plaintiff Gomez uses commercially available screen reader software to interface with the various websites.

14. In order to comprehend the Defendant's website (¶2) and to become informed of the Defendant's bedding inventory which other plaintiffs may order online, Plaintiff Gomez must use screen reader software.

**Other Plaintiffs Similarly Situated**

15. Other plaintiffs similarly situated to Plaintiff are qualified individuals with disabilities under, and as defined by, the ADA.

16. Other plaintiffs are also similarly situated to Plaintiff by virtue of the fact that they are disabled with visual impairments and require screen reader software (which is commercially available) in order to comprehend the Defendant's website to become informed of the Defendant's bedding inventory which other plaintiffs may order online.

**Mattress Firm, Inc.**

17. Defendant Mattress Firm, Inc. ("Defendant") is the owner and operator of the chain of bedding stores called Mattress Firm. Defendant Mattress Firm, Inc. is a Florida corporation doing business as a Mattress Firm franchisee operator, and is hereinafter referenced as "Defendant." Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

18. At all times material hereto, the Defendant was (and is) an entity owning and operating a chain of Mattress Firm bedding stores under the Mattress Firm franchise (and brand) which are open to the public.

19. The Defendant's chain of bedding stores contains services and accommodations which subject them to Chapter 760 of the Florida Statutes.

## FACTS

20. The Defendant is defined as a "public accommodation" because it is an entity which owns and operates a "Place of Public Accommodation," 42 U.S.C. § 12181(7)(E) and 28 C.F.R. § 36.104. (2) or "[P]laces of public accommodation," "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment." The Defendant's franchise Mattress Firm chain of bedding stores are places of public accommodation subject to the requirements of Title III of the ADA

4

and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. Part 36 and the Florida Civil Rights Act, codified as Title XLIV.

21. The Defendant owns, operates, and controls an internet website known as www.mattressfirm.com ("website", or "Defendant's website") in which the general public may view the inventory and order online.

22. The website is a place of public accommodation and has a nexus with the Defendant's places of public accommodation (42 U.S.C. §12181(7)(E)), as the website allows the general public access to Mattress Firm inventory and the ability to order Mattress Firm bedding online. As such, the website is a service, which is a public accommodation; 42 U.S.C. §12181(7)(E).

23. Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services.

24. Public Accommodations that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

25. The Defendant's website allows the general public (consumer) to efficiently, privately, and conveniently order bedding offered at Defendant's places of public accommodation.

26. On August 7, 2015, the Plaintiff attempted to utilize the Defendant's website to purchase a mattress. The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized worldwide as it allows individuals who are visually impaired to

5

comprehend information available on the internet and access websites. However, the Defendant's website did not integrate with Plaintiff's screen reader software, nor was there any function within Defendant's website to permit access for visually impaired through other means.

27. Therefore, due to the Plaintiff's disability and the Defendant's failure to have the website adequately accessible to individuals with visual impairments, was unable to comprehend the website and purchase the mattress as he intended.

28. Thus, the Defendant has discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the services, facilities, privileges, advantages or accommodations through the Facility and the website in violation of 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201 by failing to adequately program its website to accurately and sufficiently integrate with common commercially available screen reader software utilized by Plaintiff and others with visual disabilities.

29. As a result of the Defendants' discrimination, Plaintiff Gomez was unable to use the website, and suffered an injury in fact including loss of dignity, mental anguish, and other tangible injuries.

30. Plaintiff Gomez continues to desire to utilize the Defendant's website, but he is unable to do so as he is unable to comprehend the Defendant's website, thus he will continue to suffer irreparable injury from the Defendants' intentional acts, policies, and practices set forth herein unless enjoined by this Court.

31. The Defendant's website did\does not offer an adequate system to permit a disabled person with visual impairment who requires screen reader software to comprehend Defendant's website in an effective manner.

32. The Defendant's website is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

33. The Defendant's website is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

34. On information and belief, the Defendant has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of its website by individuals with disabilities.

35. On information and belief, the Defendant has not adopted a Web Accessibility Policy and has not instituted a Web Accessibility Committee to insure full and equal use of its website by individuals with disabilities.

36. The Defendant's website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[1].

37. Thus, the Defendant has not provided full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations provided by and through its website www.mattressfirm.com .

38. On information and belief, the Defendant is aware of the access barriers within its website which prevent individuals with disabilities who are visually impaired from the means to comprehend the Defendant's bedding inventory and other information

---

[1] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

regarding Defendant's places of public accommodation, and\or to purchase bedding online from the Defendant.

39. Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired. Thus, the Defendant has refused to make its website accessible to individuals with disabilities who are visually impaired.

40. Enforcement of Plaintiff Gomez's rights is right and just pursuant to 28 U.S.C. §§2201, 2202.

41. Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## CLASS ACTION ALLEGATIONS

42. Plaintiff Gomez brings this case as a class action pursuant to Federal Rule of Civil Procedure Rule 23, in that the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class [F.R.C.P. Rule 23(a)(1)], the claims and defenses of the representative party is typical of those of the class [F.R.C.P. Rule 23(a)(3)], and Plaintiff Gomez (as the representative party) will fairly and adequately protect the interests of the class [F.R.C.P Rule 23(a)(4)].

43. The Defendant's chain of bedding stores known as Mattress Firm (hereinafter references as "Mattress Firm"), is a national chain of bedding stores.

44. According to Statistic Brain Research Institute[2], in 2014, online sales in the United States exceeded $304 Billion U.S. Dollars. On average, 87% of Americans that have browsed online stores such as Mattress Firm, have made an internet purchase,

---

[2] US Commerce Department, Forrester Research date: October 9, 2014, See http://www.statisticbrain.com/total-online-sales/

8

while 57% of Americans that have browsed online stores have made a purchase multiple times.

45.     According to the National Federation for the Blind[3], there are 6,670,300 Americans with visual disabilities, and 434,600 within the state of Florida.

46.     Thus, the Class of Others Similarly Situated to Plaintiff Gomez which is to be represented by Plaintiff Gomez is so numerous (6,670,300 visually impaired Americans throughout the United States and 434,600 in the state of Florida) that a joinder of each individual member is impracticable; F.R.C.P. Rule 23(a)(1).

47.     Plaintiff Gomez is a representative of the Class due to the fact that he suffers from a qualified disability, he is visually impaired and he requires screen reader software interface in order to comprehend and effectively communicate with public accommodations on the internet, such as the Defendant's website

48.     The questions of law and fact relating to the representative Plaintiff are similar and common to the law and fact questions which would be raised by other members of the Class if they were individually named plaintiffs herein.

49.     Similarly, the claims and defenses to be raised by and against the parties herein are typical of the claims or defenses which would be raised by the members of the Class if they were a party to this action.

50.     The Plaintiff seeks injunctive relief for the implementation of the relief provide by the ADA which is the same relief which would be sought by each class member if he or she brought a claim individually.  Accordingly, Plaintiff Gomez (as the representative party for the Class) will fairly and adequately protect the interests of the Class.

---

[3] Statistics for 2012, see http://www.NFB.org/blindness-statistics

51. The relief sought herein is for the benefit of all members of the Class and consistent injunctive relief should be provided for each member of the Class.

52. Prosecution of this matter by individual members of the Class would only create a risk of inconsistent and varying adjudications and the establishment of incompatible standard by defendant and adjudication which may be dispositive of the interest of the other Class members.

53. The questions of law and fact common to the members of the Class, such as the degree of non-compliance, which will be raised and adjudicated herein, predominate over any questions affecting only the individual Plaintiff or individual members of the Class. As a result, this class action is the optimal method for reaching a fair and efficient adjudication of the controversy raised herein.

54. The Defendant has discriminated against Plaintiff Gomez and the members of the Class by denying effective communication through its website.

55. The Defendant has failed to provide any mechanism by which to adequately serve visually impaired individuals such as Plaintiff Gomez and others similarly situated. The Defendant is operating in violation of Plaintiffs' rights as protected by the ADA and is entitled to injunctive relief. 42 U.S.C. §12188.

56. Plaintiff Gomez and others similarly situated have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from the Defendant's unlawful and discriminatory practices.

57. Plaintiff Gomez and others similarly situated will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by the court.

58. Notice to the Defendants is not required as a result of the Defendant's failure to cure the violations.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

59. Plaintiff Gomez and others similarly situated re-allege and incorporate by reference the allegations set forth in ¶¶s 1 – 58 above

60. The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 23 years.

61. "Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." PGA Tour, Inc. v. Martin, 532 U.S. 661, 674 (2001).

62. "After thoroughly investigating the problem, Congress concluded that there was a compelling need for a clear and comprehensive national mandate to eliminate discrimination against disabled individuals, and to integrate them into the economic and social mainstream of American life." PGA Tour, 532 U.S. at 675 (2001) (internal quotation marks omitted).

63. As a result of the inaccessibility of the Defendant's website and by the barriers to access in its website (when removal of those barriers is readily achievable), the Defendant has denied individuals with disabilities who are visually impaired full and

equal enjoyment of the information and services that the Defendant has made available to the general public in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

64. Pursuant to 42 U.S.C. §12181(7)(E) & (F), the Defendant's website is a *place of public accommodation* under the ADA because it is a "sales or rental establishment" and is also a "other service establishment". As such, the Defendant's website must be in compliance with the ADA. However, the Defendant's website is\was not in compliance with the ADA. Plaintiff Gomez suffered an injury in fact because of the Defendant's non-compliance.

65. The Defendant has systematically violated the ADA (and continues to violate the ADA) by denying access to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites. These violations are ongoing.

66. As a result of the Defendant's wrongful conduct, Plaintiff Gomez and others similarly situated are entitled to injunctive relief pursuant to 42 U.S.C. 12133 to remedy the discrimination.

## INJUNCTIVE RELIEF

67. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff and others similarly situated injunctive relief; including an order to::

   a) Require Defendant Mattress Firm, Inc. to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of www.mattressfirm.com a statement as to Defendant Mattress Firm, Inc.'s policy to ensure persons with disabilities have full

and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of transportation services through its website, and

b) Requiring that Defendant Mattress Firm, Inc. cease and desist discriminatory practices and if necessary to cease and desist operations its website and until the requisite modifications are made such that its website becomes equally accessible to persons with disabilities.

## ATTORNEYS' FEES AND COSTS

58. Plaintiff Andres Gomez has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff and others similarly situated are entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Mattress Firm, Inc.

WHEREFORE, Plaintiff Andres Gomez on his own behalf and on behalf of all other Individuals Others Similarly Situated hereby demands judgment against Defendant Mattress Firm, Inc. and request the following injunctive and declaratory relief:

A. The Court issue a declaratory judgment that Defendant Mattress Firm, Inc. has violated Plaintiffs' rights as guarantee by the ADA;

B. The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant Mattress Firm, Inc. from operating its website without adequate accommodation for the visually impaired community;

C. The Court enter an Order requiring Defendant Mattress Firm, Inc. to update its website www.mattressfirm.com to remove barriers in order that

    individuals with visual disabilities can access the website to the full extent required by the Title III of the ADA.

D.  The Court enter an order requiring Defendant Mattress Firm, Inc. to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

E.  The Court enter an Order directing Defendant Mattress Firm, Inc. to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant Mattress Firm, Inc. to undertake and complete corrective procedures to its website's online inventory.

F.  The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiffs; and

G.  That the Court award such other and further relief as it deems necessary, just and proper.

H.  Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries

Dated this 14th day of September, 2015.

              Respectfully submitted,

                *s/Scott Dinin*
                Scott R. Dinin, Esq.
                Scott R. Dinin, P.A.
                4200 NW 7th Avenue
                Miami, Florida 33127
                Tel: (786) 431-1333
                inbox@dininlaw.com
                *Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

Civil Action Number:

ANDRES GOMEZ, On His Own Behalf, and On
Behalf of All Other Individuals Similarly Situated

    Plaintiffs,

vs.

MATTRESS FIRM, INC.
d/b/a MATTRESS FIRM

    Defendant

---

**VERIFICATION OF COMPLAINT**

---

Plaintiff Andres Gomez declares under penalty of perjury under the laws of the State of Florida that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 9-14-2015

X _Andres Gomez_ (signature)
Andres Gomez

**EXHIBIT "A"**